

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| TERESA BUSHA, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:17-00571-MGL-KDW |
| | § | |
| SOUTH CAROLINA DEPARTMENT OF | § | |
| MENTAL HEALTH, | § | |
|     Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

Plaintiff Teresa Busha (Plaintiff) brought this lawsuit against her employer, Defendant South Carolina Department of Mental Health (Defendant). In her Amended Complaint, Plaintiff alleges claims for discrimination and retaliation in violation of the Rehabilitation Act of 1973 (Rehabilitation Act), breach of contract and breach of the covenant of good faith and fair dealing, violation of the South Carolina Wage Payment Act (SCWPA), interference and retaliation under the Family Medical Leave Act (FMLA), and promissory estoppel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Defendant's motion for judgment on the pleadings be granted in part and denied in part. Specifically, the Report recommends denying Defendant's motion for judgment on the pleadings as to Rehabilitation Act retaliation claims based on actions that took place on or after January 26, 2016, and granting Defendant's motion as to all remaining claims. The Report was

made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 31, 2017. ECF No. 29. Defendant and Plaintiff filed objections on September 14, 2017. ECF Nos. 31, 32. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

As an initial matter, neither Plaintiff nor Defendant object to the Magistrate Judge's recommendation that Defendant's motion for judgment on the pleadings be granted as to Plaintiff's claims for Rehabilitation Act violations arising from actions that occurred prior to January 26, 2016, breach of contract and breach of the covenant of good faith and fair dealing claims, SCWPA claim, FMLA claims, and promissory estoppel claim. "[I]n the absence of a timely filed objection,

a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). After a thorough review of the Report pursuant to the standard set forth above, the Court holds there is no clear error on the face of the record, and therefore the Court will adopt the Report as to Plaintiff's Rehabilitation Act claims for violations stemming from actions prior to January 26, 2016, breach of contract and breach of the covenant of good faith and fair dealing claims, SCWPA claim, FMLA claims, and promissory estoppel claim.

Turning to Defendant's objections, Defendant argues the Magistrate Judge erred by recommending the Court deny its motion for judgment on the pleadings as to Plaintiff's Rehabilitation Act retaliation claims based upon actions occurring on or after January 26, 2016. The Magistrate Judge determined Defendant failed to respond to Plaintiff's allegations about the actions forming the basis for that claim. Thus, the Magistrate Judge recommended denying Defendant's motion for judgment on the pleadings as to that claim. Defendant avers it responded to Plaintiff's alleged basis for the claim, and Plaintiff has neglected to demonstrate an adverse employment action to support her 2016 Rehabilitation Act retaliation claim. Thus, Defendant argues, its motion for judgment on the pleadings should be granted as to this claim.

To make a prima facie case of retaliation under the Rehabilitation Act based upon circumstantial evidence, Plaintiff must show "(1) that [s]he engaged in protected activity, (2) that the [employer] took an adverse action against [her], and (3) that the adverse action was causally connected to [her] protected activity." *S.B ex rel. A.L. v. Bd. of Educ. of Harford Cty.*, 819 F.3d

3

69, 78 (4th Cir. 2016). In analyzing Defendant's motion for judgment on the pleadings, the Court must construe all allegations in the light most favorable to Plaintiff. *E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing the standard for a Motion to Dismiss under Fed. R. 12(b)(6)); *see also Butler v. United States*, 702 F.3d 749, 751-52 (4th Cir. 2012) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (indicating the same standard is applied to a motion for judgment on the pleadings and a motion to dismiss).

In its motion for judgment on the pleadings, Defendant alleged Plaintiff's 2016 Rehabilitation Act retaliation claim should be dismissed because Plaintiff failed to show Defendant took any retaliatory action during the statutory time period. In this case, the statutory time period is the year before Plaintiff filed her Complaint on January 26, 2017. *See Levin v. S.C. Dept. of Health & Human Servs.*, C/A No. 3:12-cv-0007-JFA, 2015 WL 1186370 at *5 (D.S.C. Mar. 16, 2015) (holding that a claim under the Rehabilitation Act must be brought within one year after the violation occurred). In response, Plaintiff asserted that, during the statutory time period, Defendant delayed her return to work then placed her on unpaid leave until she could provide a medical clearance, disallowed her to work even after it received her clearance, required her to provide an additional medical clearance, and, after receiving the second clearance, still kept Plaintiff from work, causing her to lose more than two months of pay. Specifically, Plaintiff alleged that "after returning from leave [for back injuries/back surgery], [she] was retaliated against for taking said leave when Defendant placed her out of work for two additional months, costing her two months wages." ECF No. 20 at 8-9 (citing Am. Compl. ¶¶ 20-24). In reply, Defendant argues requiring a

medical clearance does not violate the Rehabilitation Act, and Plaintiff failed to show any purported retaliation was due solely to her disability.

Even assuming Defendant is correct that requiring a medical clearance fails to violate the Rehabilitation Act, Plaintiff here alleges Defendant required her to provide two separate medical clearance letters, and began insisting on these letters only after first permitting her to return to work. While she obtained the letters, and after she presented clearances indicating she was fit for duty, Plaintiff alleges Defendant refused to allow her to work, causing her to lose some two months of pay. Taking all allegations in the light most favorable to Plaintiff, the Court holds Plaintiff has alleged enough to survive Defendant's motion for judgment on the pleadings as to her Rehabilitation Act retaliation claim arising from Defendant's actions taken on or after January 26, 2016. Defendant's objections to the Report will thus be overruled.

Plaintiff objects that the Magistrate Judge erred in recommending Defendant's motion for judgment on the pleadings be granted as to Plaintiff's Rehabilitation Act failure-to-accommodate claim arising from actions taken on or after January 26, 2016. The Magistrate Judge explained Plaintiff failed to show how the actions Defendant allegedly took constituted failure to accommodate, and on that basis the Magistrate Judge recommended granting Defendant's motion for judgment on the pleadings as to this claim. Plaintiff argues her pleadings on this claim were sufficient to survive Defendant's motion for judgment on the pleadings.

To state a prima facie case for failure to accommodate under the Rehabilitation Act, Plaintiff must show: 1) she had a disability, 2) the employer had notice of the disability, 3) she could perform the essential functions of her job with a reasonable accommodation, and 4) the employer would not make reasonable accommodations. *See Wilson v. Dollar Gen. Corp.*, 717

5

F.3d 337, 345 (4th Cir. 2013) (citing *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n. 11 (4th Cir. 2001)) (providing the elements for a prima facie case under the ADA); *see also Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264 n.9 (4th Cir. 1995) (indicating the analysis is the same for claims under the ADA and the Rehabilitation Act). Although an employer must generally provide a reasonable accommodation for an employee's disability, it can do so without providing the employee's preferred accommodation. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 415 (4th Cir. 2015) ("An employer may reasonably accommodate an employee without providing the exact accommodation that the employee requested. Rather, the employer may provide an alternative reasonable accommodation."). Further, requiring a medical clearance to determine an employee's fitness to return to work fails to violate the ADA. *Porter v. U.S. Alumoweld Co., Inc.,* 125 F.3d 243, 246 (4th Cir. 1997).

Defendant argued its motion for judgment on the pleadings should be granted as to this claim because Plaintiff had neglected to identify any acts that constituted failure to accommodate. In fact, Defendant noted it granted Plaintiff extended leave, approved her return to work, and still employs Plaintiff. Plaintiff responded Defendant delayed her return to work, required her to provide medical clearances, and involuntarily placed her on unpaid leave while she obtained the clearances causing her to lose several months of pay. As a result, Plaintiff claimed she had shown Defendant failed to accommodate her.

Construing Plaintiff's allegations in the light most favorable to her, the Court holds she has failed to show how Defendant's actions constitute failure to accommodate. As noted above, an employer can require an employee to submit to a medical evaluation/clearance, and an employee is not entitled to the accommodation of her choice, but merely to a reasonable accommodation.

6

Because Plaintiff has neglected to show Defendant's accommodation was unreasonable, or failed to accommodate her disability, the Court will overrule Plaintiff's objections to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules both Defendant's and Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendant's motion for judgment on the pleadings is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendant's motion for judgment on the pleadings is **DENIED** as to Plaintiff's Rehabilitation Act retaliation claims stemming from actions occurring on or after January 26, 2016, and **GRANTED** as to all remaining claims.

**IT IS SO ORDERED**.

Signed this 25th day of September, 2017, in Columbia, South Carolina.

                                      s/ Mary Geiger Lewis
                                      MARY GEIGER LEWIS
                                      UNITED STATES DISTRICT JUDGE