UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Teresa Busha, | ) | C/A No. 6:17-cv-00571-DCC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SC Department of Mental Health, | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment. ECF No. 70. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 72, 74. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On January 24, 2019, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 83. Plaintiff filed objections to the Report, and Defendant filed a Reply.[1] ECF Nos. 85, 86.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] Plaintiff initially brought failure to accommodate and rehabilitation claims under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701, et seq.; claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq.; and state law claims. By prior Order of this Court, all claims were dismissed except for Plaintiff's Rehabilitation Act retaliation allegations stemming from actions occurring on or after January 26, 2016.

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff summarizes her objections to the Report as follows,

> Did the Magistrate err by finding that a "request for accommodation" and "to return to work" were acts of *participation,* rather than *opposition*, and then recommending Summary Judgment by analyzing (and then dismissing) Defendant's retaliatory actions toward Plaintiff as a "failure to accommodate" rather than as "retaliation"?
>
> Did the Magistrate err by conflating Plaintiff's right to oppose Defendant's unlawful treatment of her by failing to return her to work and requiring her to pay out of pocket for a functional capacity evaluation (FCE) and then be forced to have doctor after doctor compare the "essential functions" of the job to the "marginal" duties Defendant continued to assert were the majority of her job functions while insisting doctor after doctor "clarify" her work restrictions – in essence requiring Plaintiff to jump through hoop after hoop while it prevented Plaintiff from working for over three months (from May 5, 2016 through August 17, 2016) as retaliation for her protected activity of requesting reasonable accommodation? (**ECF 83, pp. 11-15**)

> Did the Magistrate err by determining that while "considering whether Plaintiff's *voiced concerns* about the FCE requirement were protected activity[,] the court is not revisiting whether Defendant failed to accommodate any disability" and, further, that "[t]his is not a failure-to-accommodate case, and the issue of whether certain duties were or were not essential to Plaintiff's job is not before the court."?
>
> ***
>
> In sum, the Magistrate repeatedly conflated and dismissed Plaintiff's evidence of retaliation as a "failure to accommodate" without recognizing that Defendant's refusal to accommodate Plaintiff's WAS retaliation for her oppositional activity.

ECF No. 85.[2]

The Court finds that the Magistrate Judge accurately summarized the relevant factual history and legal standards. Further, the Court finds that Plaintiff's objections do not specifically address the totality of the Report. Plaintiff objects to the Magistrate Judge's reasoning regarding her prima facie case. However, as explained by the Magistrate Judge, even assuming that Plaintiff establishes her prima facie case for retaliation, she has failed to establish that the proffered legitimate nonretaliatory reason for requiring her to obtain a fitness-for-duty certification, have it clarified, and pay for the test was pretextual. Upon de novo review of the record, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Even accepting Plaintiff's argument that the Magistrate Judge

---

[2] In her objections, Plaintiff to cites to pages 11–15 in the Report. ECF No. 83 at 18. To the extent Plaintiff intends to object to the Magistrate Judge's recitation of the facts, the Court has reviewed the record and finds this portion of the Report is well-supported by citations to the record. The Court overrules any objection to the Magistrate Judge's factual recitation.

misconstrued Plaintiff's requests for accommodation as acts of participation rather than opposition, Plaintiff still fails in her burden to show that Defendant's stated reasons were pretextual and that retaliation was the true cause of the adverse employment action. Accordingly, the Court adopts the Report by reference in this Order. The Motion for Summary Judgment is **GRANTED**.

    IT IS SO ORDERED.

March 8, 2019                                                                  s/Donald C. Coggins, Jr.
Spartanburg, South Carolina                    United States District Judge